UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ELLIS REED (#105512)**  CIVIL ACTION

**VERSUS**

**DARREL VANNOY, ET AL.**  NO. 19-711-BAJ-SDJ

## ORDER

Before the Court is Petitioner Ellis Reed's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Reed's petition contends the state withheld exculpatory evidence, his confession was coerced, he is actually innocent, and he received ineffective assistance of counsel. Respondents filed an opposition[2] asserting the procedural defenses of timeliness and procedural default. On December 16, 2021, Reed filed a *Request to Stay and Hold in Abeyance* so that he may obtain the assistance of counsel.[3]

Respondents submitted the state court record on December 23, 2019. The record, which dates to Reed's 1991 indictment, is incomplete and hard to decipher. The following is what the Court was able to determine: Reed was convicted of aggravated rape and aggravated burglary[4] in the Eighteenth Judicial District Court for the Parish of Pointe Coupee after a trial by jury on July 24, 1992.[5] The First Circuit Court of Appeal affirmed his conviction on April 8, 1994,[6] and the Louisiana Supreme Court subsequently denied his writ application.[7]

---

[1] R. Doc. 1.
[2] R. Doc. 19.
[3] R. Doc. 26.
[4] R. Doc. 14 at 266- Reed was also indicted for simple robbery and attempted first degree murder, but the record shows that he was only convicted of these offenses.
[5] R. Doc. 14, p. 274.
[6] *State v. Reed,* 93-1114 (1st Cir. 4/8/94) 637 So.2d 179 (Table)
[7] R. Doc. 16, p. 199; 94-1478 (La. 8/23/96), 678 So.2d 25 (Mem).

Over the years since his 1994 conviction, it appears that Reed has filed four applications for post-conviction relief. His latest application was filed on June 1, 2015.[8] The trial court denied relief based on the state's procedural objections in a written order on May 22, 2018, and then subsequently adopted the written order in a hearing on August 14, 2018.[9] The First Circuit denied Reed's writ application on March 6, 2019.[10] The Louisiana Supreme Court denied Reed's writ on March 26, 2019, because it was not timely filed at the district court.[11]

Respondents assert that Reeds claims are untimely and procedurally barred. However, actual innocence is a gateway through which otherwise untimely or procedurally-barred claims may be reviewed. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (plea of actual innocence can overcome AEDPA's one year statute of limitations for filing habeas petitions); *Schlup v. Delo*, 513 U.S. 298 (1995) (actual innocence may be asserted as a gateway to defaulted claims). Reed asserted during his post-conviction proceedings and has asserted again in his federal habeas petition that he is actually innocent.

Reed provided a written and taped confession to the rape and burglary.[12] He maintains that the confessions were coerced. No fingerprints from the crime scene matched Reed.[13] Reed also maintains that the victim never positively identified him as the perpetrator.[14] Detective Ricky Jarreau testified at trial that the rape kit was "negative" because there was no semen.[15] However, the laboratory reports show that spermatozoa was found in the rape kit but could not be analyzed

---

[8] R. Doc. 14, pp. 150-240.
[9] R. Doc. 14, p. 83; R. Doc. 18, p. 363.
[10] R. Doc. 13, pp. 229-230.
[11] *State v. Reed*, 2018-1825 (La. 3/25/19), 266 So. 3d 889.
[12] R. Doc. 15, p. 234-239; R. Doc. 17, pp. 77-84.
[13] R. Doc. 14, pp. 181, 172.
[14] R. Doc. 17, pp. 189-193. This statement is from Reed's Motion for a New Trial. The trial transcript is not included in the record and therefore this statement cannot be verified.
[15] R. Doc. 14, p. 183.

because of "improper packaging."[16] The complete trial transcript is not part of the state court record, therefore it is unclear whether Detective Jarreau's testimony was ever corrected for the jury.

On March 17, 2007, the trial court ordered the state to produce the rape kit to Reed for independent DNA testing.[17] After Reed did not receive the rape kit, his counsel filed a motion for contempt. At the contempt hearing, the state put on testimony that they were not in possession of the rape kit and did not know its whereabouts.[18] The trial court ordered the state to produce the evidence if it was ever located.[19]

The record includes a letter from the Pointe Coupee Clerk of Court, dated August 8, 2013, stating that the Clerk of Court is in possession of the rape kit.[20] In May and August of 2014, the trial court entered orders permitting Reed to DNA test himself, the rape kit, and the other items of physical evidence retained by the Clerk of Court.[21]

There is no indication in the record of whether the DNA testing ordered by the trial court was ever conducted. This information is directly relevant to the evaluation of Respondents' procedural defenses.

Accordingly,

**IT IS ORDERED** that within **thirty (30) days, Petitioner and Respondents SHALL each FILE** a brief explaining whether the DNA testing that was ordered by the trial court on May 13, 2014, and August 12, 2014, was ever conducted. If the testing was conducted, the brief should

---

[16] R. Doc. 14, pp. 168-170.
[17] R. Doc. 17, pp. 230-248.
[18] *Id.*
[19] R. Doc. 13, pp. 166-184.
[20] R. Doc. 18, pp. 302-306.
[21] R. Doc. 18, pp. 373, 372. 251-257.

include the results. Any relevant documentation to the statements made in the briefs should be attached.

**IT IS FURTHERED ORDERED** that Reed's *Request to Stay and Hold in Abeyance* (R. Doc. 26) is denied without prejudice. Upon the Court's determination of the merits of the actual innocence gateway, Reed may re-urge his motion, if necessary.

Signed in Baton Rouge, Louisiana, on August 3, 2022.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**