UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELLIS REED (#105512)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DARREL VANNOY, ET AL.** | **NO. 19-711-BAJ-SDJ** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 13, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIS REED (#105512)                                         CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                                  NO. 19-711-BAJ-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to Petitioner's application, and Petitioner has filed a response. *See* R. Docs. 19 and 20. Additional briefing was ordered by the Court, and the State has complied. Petitioner has not. *See* R. Docs. 27 and 28. There is no need for oral argument or for an evidentiary hearing.

On or about October 3, 2019, the *pro se* Petitioner, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his criminal conviction and sentence entered in 1992 in the Eighteenth Judicial District Court for the Parish of Point Coupee, State of Louisiana, on one count of Aggravated Burglary and one count of Aggravated Rape.

**Procedural History**

On July 24, 1992, Petitioner was found guilty of one count of Aggravated Burglary and one count of Aggravated Rape. Various post-trial motions, including an application for post-conviction relief, were considered and denied. Thereafter, Petitioner was sentenced. Petitioner then filed an appeal, and on April 8, 1994, his convictions were affirmed, and his sentence for aggravated rape was affirmed as amended by the Louisiana First Circuit Court of Appeal. *See State v. Reed,* 93-1114 (La. App. 1 Cir. 4/8/94), 637 So.2d 179. The matter was remanded with

an order from the appellate court, and on April 12, 1994, Petitioner was sentenced to life without possibility of parole, probation, or suspension of sentence for the Aggravated Rape, and 25 years for the Aggravated Burglary, with the sentences to run concurrently. Petitioner's application for supervisory writs with the Louisiana Supreme Court was denied on August 23, 1996. *See State ex re. Reed v. State*, 94-1478 (La. 8/23/96), 678 So.2d 25.

On or about April 23, 1997, Petitioner filed his second application for post-conviction relief, asserting a claim of ineffective assistance of counsel, which was denied by the trial court on April 23, 1999. Petitioner's writ application was denied by the Louisiana First Circuit Court of Appeal on September 23, 1999.

On or about September 13, 2003, Petitioner field his third application for post-conviction relief. The disposition of this application could not be ascertained from the record.

Petitioner filed his fourth application for post-conviction relief on or about March 7, 2005. Petitioner supplemented his application, with regards to a request for DNA testing, in 2007 and in 2008. The disposition of this application could not be ascertained from the record. However, the trial court did instruct the State that it was under a continuing duty to produce evidence collected for DNA testing on September 8, 2009.

On or about February 15, 2010, Petitioner filed his fifth application for post-conviction relief. Petitioner was appointed a public defender, and the trial court ordered DNA testing to be conducted on May 13, 2014, and again on August 12, 2014.

A sixth application for post-conviction relief was filed on June 1, 2015, and on September 15, 2015, the State notified the court that it was in need of "the medical report from the defendant," and Petitioner was ordered to provide a copy of said report to the State.

Petitioner's last application for post-conviction relief was filed on February 15, 2017, and was denied by the trial court on August 14, 2018. Petitioner's subsequent writ applications were denied, with the Louisiana Supreme Court issuing its denial on March 25, 2019. Petitioner then filed the instant Petition on October 3, 2019.

## Applicable Law and Analysis

Based upon the foregoing, this Court concludes, as asserted by the State of Louisiana, that Petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2).

However, the time during which there are no properly-filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant matter, Petitioner's conviction became final on November 21, 1996, ninety days after denial of his application for supervisory review in the Louisiana Supreme Court on August 23, 1996, in connection with his direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thereafter, approximately 153 days elapsed until Petitioner filed his second PCR application on April 23, 1997. Petitioner's second PCR application remained pending until the First Circuit Court of Appeal denied his writ application on April 23, 1999. An additional period of 1,451 days elapsed between the denial of Petitioner's writ application and the filing of his third PCR application on September 13, 2003. Accordingly, more than a year elapsed during which Petitioner did not have any properly-filed applications for post-conviction or other collateral review pending before the state courts, and Petitioner's application is untimely.

Having found Petitioner's application to be untimely, this Court must dismiss it pursuant to 28 U.S.C. § 2244(d) unless Petitioner can establish that he is entitled to equitable tolling. The record does not reflect that there is any basis for equitable tolling in this case. In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DeGuglielmo, supra,* 544 U.S. at 418. Ignorance of the

law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 184 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, *4 (E.D.Tex. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

      Petitioner has not shown that he acted diligently in pursuing his post-conviction relief proceedings in the state courts. Petitioner waited approximately 1,451 days to file his third application for post-conviction relief. Thereafter, years passed between the filing of the petitioner's third, fourth, fifth, sixth, and seventh PCR applications. Such extended periods of inactivity cannot be considered reasonable diligence. Additionally, Petitioner has failed to explain why the *Brady* claim he asserts herein, which he became aware of during his trial in 1992[1], was not presented to this Court until 27 years later in 2019. Accordingly, Petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application.

---

[1] *See* R. Doc. 8-2, p. 5, lines 18-25 and p. 17, lines 10-24. Additionally, prior to the trial of this matter, the defense was in possession of a newspaper clipping wherein the Chief of Police was quoted stating that there were three suspects. The defense attached this clipping to its Motion for Change of Venue. *See* R. Doc. 8-2, p 28, lines 5-12.

Finally, Petitioner seeks to avoid the effect of untimeliness by asserting his actual innocence. A claim of actual innocence that is based upon new evidence may, in certain circumstances, provide a gateway for review of an otherwise procedurally-defaulted claim. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928, *citing Schhip v. Delo,* 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schhip v. Delo, supra,* 513 U.S. at 324.

"[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (*quoting House v. Bell*, 547 U.S. 518, 536 (2006) ). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin*, 569 U.S. at 401 (*quoting Schlup*, 513 U.S. at 316).

In the instant proceeding, Petitioner points to no "new evidence" to assert his actual innocence. Rather, Petitioner relies on evidence available to him as early as 1992. Additionally, Petitioner was given an opportunity by this Court to present possibly exculpatory scientific evidence. On August 3, 2022, this Court order Petitioner and the State to each file a brief explaining whether the DNA testing ordered by the trial court in 2014 was ever conducted, and if

the testing was conducted to include the results. The State indicated in its brief that no testing results have been provided by Petitioner. *See* R. Doc. 28. Petitioner did not file a brief as ordered by the Court. Therefore, it remains unclear if any DNA testing has been conducted. If testing has been completed, the results remain unknown to this Court. As such, Petitioner has failed to set forth a viable claim of actual innocence sufficient to avoid the operation of the limitations bar. Accordingly, Petitioner's application should be denied as untimely.

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of Petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

**RECOMMENDATION**

It is recommended that Petitioner's application for habeas corpus relief be denied, with prejudice, as untimely. It is further recommended that, in the event that Petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on February 13, 2023.

_____
**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**